§UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| BART SIMON, Individually and on | * | Cause of Action No. _____ |
| behalf of all others similarly situated | * | |
|       -   Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| STATE FARM GENERAL INSURANCE | * | |
| COMPANY | * | |
|       -   Defendant | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT – CLASS ACTION**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Bart Simon ("Plaintiff"), who brings this Class Action Complaint on behalf of himself and a class of similarly situated Louisiana insureds (as defined below) against Defendant, State Farm General Insurance Company ("Defendant" or "State Farm"), and alleges as follows:

## I.    INTRODUCTION

1.    This is an insurance class action brought by Louisiana policyholders with State Farm property insurance. Plaintiff seeks declaratory and injunctive relief ordering State Farm to cease its unlawful policy and practice of calculating actual cash value ("ACV") benefits in a manner that is prohibited by Louisiana law, and that results in underpayments to policyholders that likely amount to many millions of dollars every year. In addition to declaratory and injunctive relief, this Complaint also seeks damages for breach of contract, bad faith penalties and attorneys' fees arising from State Farm's violations of the subject policy and the Louisiana Insurance Code, including but not limited to LSA R.S. 22:1892 ("§ 1892").

2.      The specific issue in this case is State Farm's policy and practice of unlawfully deducting depreciation on sales tax when calculating ACV benefits payments to policyholders. In the 2022 Legislative Session, the Louisiana Legislature prohibited this practice, amending § 1892, which amendment took effect on January 1, 2023, to provide that "the deduction of …sales tax in determining the actual cash value of an adjustment or settlement is not allowed…" Despite this statutory prohibition, State Farm has continued to deduct depreciation on sales tax on a systematic basis without any lawful justification. In doing so, State Farm is flouting the law and cheating its policyholders out of benefits to which they are entitled by law, many of whom have just gone through the traumatic experience of losing their home and personal property to hurricanes, fires and other disasters. State Farm's conduct is unlawful, unreasonable, and in bad faith.

3.      Plaintiff is a named insured under a homeowners' property insurance policy issued by Defendant. After suffering a covered loss to his home in Vacherie, St. James Parish, Louisiana and its contents from a June 2022 storm, Plaintiffs submitted a claim to State Farm. Plaintiff received ACV benefits payments that were less than what they should have been because State Farm took deductions for depreciation of sales tax in violation of § 1892. Because § 1892 is implied into contracts of property insurance issued in Louisiana (See LSA. R.S. 22:863), these unlawful acts by State Farm were also breaches of Plaintiff's insurance policy, as well as actions that are arbitrary, capricious and/or without probable cause.

4.      Plaintiff brings this action on behalf of himself and a class of Louisiana property insurance policyholders who have received ACV payments from State Farm in which deductions were made for depreciation of sales tax, thus resulting in State Farm unlawfully retaining, and Plaintiffs and Class Members never being paid, ACV benefits to which Plaintiffs and Class Members are entitled as a matter of Louisiana law, and as a matter of contract. By this lawsuit, Plaintiffs seek to hold

State Farm to account for its actions, and to recoup for Louisiana policyholders insurance benefits that are rightfully theirs but that State Farm has and continues to unlawfully withhold.

## II.    JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. This Court also has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because Plaintiff and putative Class Members are citizens of states different from one or more defendants, and because the amount in controversy exceeds $5 million, exclusive of costs and interest.

6.    The Court has personal jurisdiction over the Defendant because, at all relevant times, the Defendant directed its activities at Louisiana, regularly transacted substantial business in Louisiana (including with Plaintiff and thousands of putative Class Members who are Louisiana residents), otherwise maintained systematic and continuous contacts with Louisiana, and otherwise purposefully availed itself of the privileges of conducting business in Louisiana and of Louisiana law. In addition, the insurance policies at issue were entered into and breached in Louisiana, and acts and omissions giving rise to this action occurred in Louisiana.

7.    Venue is proper in this District under 28 U.S.C. § 1391 because, at all relevant times, Defendant has maintained substantial business operations and engaged in substantial business in this District; because Defendant entered into relevant transactions and received substantial ill-gotten gains and profits from Policyholders who reside in this District; because thousands of putative Class Members either reside in or did relevant business with Defendant in this District; and because a substantial part of the events, acts, and omissions giving rise to this action occurred in this District.

## III.    PARTIES

### A.    Plaintiff

8.    Plaintiff Bart Simon is an adult resident of Louisiana. Together with his spouse, he is a co-owner of their home in Vacherie, Louisiana, and a named insured on a homeowners insurance policy issued by Defendant covering loss or damage to his Vacherie home and to the personal property associated therewith.

### B.    Defendant

9.    Defendant State Farm General Insurance Company is an Illinois corporation with its principal place of business in Bloomington, Illinois. At all relevant times, this Defendant has been a wholly owned subsidiary of State Farm Mutual Automobile Insurance Company and has issued property insurance policies in Louisiana that are subject to the requirements of § 1892.

10.    Defendant is licensed to issue, and regularly does issue, property insurance in the State of Louisiana. Defendant is also licensed to do business, and regularly does significant business, throughout the State of Louisiana.

## IV.    FACTUAL ALLEGATIONS

### A.    Louisiana Insurance Code

11.    All insurance issued in the State of Louisiana is governed by the Louisiana Insurance Code ("Insurance Code"), appearing at Title 22 of the Revised Statutes, which prescribes minimum standards for insurance issued in this state for the protection of policyholders. The specific Insurance Code provision at issue in this action is § 1892, which prescribes minimum standards for the protection of Louisiana policyholders as relates to ACV benefits payments under property insurance policies.

12.     Insurers are free to provide insurance in Louisiana with terms that are more favorable to policyholders than what is required under the Insurance Code, but policy terms that are less favorable to policyholders are unenforceable as a matter of law. See LSA R.S. 22:863. Where Louisiana's statutory or decisional law require coverage, an insurer may not circumvent the law by employing contrary contract terms. All of these rules apply to § 1892.

13.     Additionally, the State Farm policy at issue here acknowledges this requirement by stating: "**Conformity to State Law.** When a policy provision is in conflict with the applicable law of the state in which this policy is issued, the law of the state will apply."

14.     Section 1892  is codified in the part of Insurance Code that governs the payment and adjustment of claims.

15.     Section 1892 was amended in 2022 and those amendments became effective on January 1, 2023. As amended, § 1892(B)(6) states that "an insurance policy covering damaged property may allow for depreciation."

16.     "Damaged Property" is defined in § 1892 as "a dwelling, structure, personal property, or any other property, except a vehicle, that requires repairs, replacement, restoration, or remediation to reestablish its former condition." LSA R.S. 22:1892(B)(6)(a)(i).

17.     "Depreciation" is defined in § 1892 as permitting "depreciation including but not limited to the cost of goods, materials, labor, and services necessary to replace, repair, or rebuild damaged property." LSA R.S. 22:1892(B)(6)(a)(ii).

18.     Under § 1892(B)(6)(e), depreciation must be reasonable and based on a combination of objective criteria and subjective assessment, including the actual condition of the property prior to loss.

19.     Sales tax is not included within the statutory definition of depreciation.

20.    As amended, § 1892(F) provides as follows (emphasis added):

F.(1)    In the adjustment or settlement of first-party losses under fire and extended coverage policies, an insurer is required to include general contractor's overhead and profit in payments for losses when the services of a general contractor are reasonably foreseeable. This requirement applies to policies that provide for the adjustment and settlement of losses on a replacement cost basis and to policies that provide for the adjustment and settlement of losses on an actual cash basis.

(2)    **The deduction of** prospective overhead, prospective contractor profit and **sales tax in determining the actual cash value of an adjustment or settlement is not allowed** on replacement cost policies or on actual cash value policies.

21.    Further, §1893 of the Insurance Code confirms that an insurer bears the burden to establish any exclusions, stating in relevant part as follows:

B.    If damage to immovable property is covered, in whole or in part, under the terms of the policy of insurance, the burden is on the insurer to establish an exclusion under the terms of the policy.

C.    Any clause, condition, term, or other provision contained in any policy of insurance which alters or attempts to alter the burden on an insurer as provided in Subsection B of this Section shall be null and void and of no effect.

22.    Plaintiff and putative Class Members suffered a covered loss to real or personal property under a property insurance policy that requires payment of either replacement cost value basis"("RCV") or ACV basis within the meaning of § 1892.

23.    Neither Plaintiff nor putative Class Members received payment from their insurer equal to the applicable "policy limit" within the meaning of § 1892.

24.    When calculating either RCV or ACV benefits for an adjustment or settlement, § 1892(F)(2) prohibits insurers from deducting depreciation on sales tax.

25.    Consider the following hypothetical example for purposes of illustration: A named insured with a fire and extended coverage property insurance policy, which covers loss or damage to real and personal property and is subject to the requirements of § 1892, owns a couch that is a few

years old. The policyholder then suffers a house-fire that results in the couch being destroyed. The policyholder and the insurer agree that the damage to the couch is a covered loss, and that policy entitles the policyholder to ACV benefits. Proceeding under the two-step calculation set forth above, the insurer and the policyholder first agree that replacing the couch would cost $1,000. Second, they further agree that the replacement cost should be depreciated by 50% to reflect the age and condition of the couch at the time of the loss. Accordingly, the insurer and the policyholder thus far agree that the ACV payment for the couch should be $500.

26.    However, our hypothetical insurer and policyholder disagree about one thing: whether sales tax on the new couch can be depreciated. They both agree that sales tax is part of the total replacement cost for the couch and that sales tax on couches in the policyholder's jurisdiction is 10%, which means $100 in sales tax. However, the insurer takes the position that it can depreciate the sales tax by the same 50% applicable to the couch (resulting in an ACV payment of $500 + $50 = $550), whereas the policyholder takes the position that § 1892 prohibits the deduction for depreciation of the sales tax (requiring an ACV payment of $500 + $100 = $600). The question is therefore whether § 1892 permits the deduction for depreciation of the sales tax—i.e., whether the policyholder in the foregoing hypothetical example is entitled to an ACV payment of $550 or $600 in connection with the loss of her couch. That is the central dispute in this action.

### B.    Plaintiff Bart Simon

27.    Plaintiff owns a home in the town of Vacherie in St. James Parish, Louisiana. He insured his home and personal property under an insurance policy issued by Defendant State Farm, Policy No. 18-GA-88295 (the "State Farm Policy" or "Policy").

28.    The State Farm Policy, which is a fire and extended coverage policy, provides dwelling coverage that insures Plaintiff's home against loss and damage from all risks (including wind),

subject to limited exclusions. It also insures Plaintiffs' personal property "while it is anywhere in the world" against losses from a long list of named perils, including fire, smoke, water, vandalism, and theft. Under the Policy, if Plaintiffs suffer covered loss or damage to their home or personal property, State Farm must pay Plaintiffs ACV benefits within the meaning of § 1892.

29.    ACV is defined in the Policy as follows:

> [A]ctual cash value" means the value of the damaged part of the property at the time of loss, calculated as the estimated cost to repair or replace such property, less a deduction to account for pre-loss depreciation. For this calculation, all components of this estimated cost including but not limited to: [¶] a. materials, including tax; [¶] b. labor, including tax, [¶] c. overhead and profit [¶] are subject to depreciation.

30.    During the term of the Policy, on June 5, 2022, Plaintiff suffered a covered loss to his insured home and personal property as a result of wind damage. Shortly thereafter, in or about June, 2022, Plaintiffs submitted a claim under the Policy to State Farm seeking coverage for the damage to their real and personal property (the "June 2022 claim").

31.    On or about April 4, 2023, State Farm provided to Plaintiff a "Summary for Coverage A – 35 Windstorm and Hail" which determined that coverage as follows:

| | |
|---|---|
| Line Item Total | $ 31,263.73 |
| Material Sales Tax | $     823.29 |
| Replacement Cost Value | $ 32,087.02 |
| **Less Depreciation (Including Taxes)** | **($12,366.21)** |
| Less Deductible | ($7,600.00) |
| Net Actual Case Value | $12,120.81 |

32.    Further, also on or about April 4, 2023, State Farm provided to Plaintiff a "Summary for Coverage A – Other Structures – 35 Windstorm and Hail" which deterred that coverage as follows:

| | |
|---|---|
| Lite Item Total | $ 1,188.08 |
| Material Sales Tax | $     12.37 |
| Replacement Cost Value | $ 1,200.45 |
| **Less Depreciation (Including Taxes)** | **($384.28)** |
| Less Deductible | ($0.00) |

Net Actual Cash Value                                    $   816.17

(Emphasis added). Both of these Summaries explicitly state that State Farm applied a deduction for depreciation of "taxes" (which is a reference to sales tax) in the calculation of ACV in violation of Louisiana law, including § 1892.

33.    On information and belief, State Farm's practice of depreciating sales tax in calculating ACV benefits paid to Plaintiff reflects a common and uniform corporate policy and practice of depreciating sales tax in calculating ACV benefits paid to State Farm property insurance policyholders, in violation of § 1892. On information and belief, Defendant has continuously engaged in this common policy and practice from January 1, 2023, to the present, in violation of § 1892 and the application of such common policy and practice is arbitrary, capricious or without probable cause.

34.    Subsequent to the June 5, 2022 covered loss, Plaintiff continued to renew his Policy with State Farm, which remains in effect today. Plaintiff intends to continue insuring his real and personal property with State Farm for the foreseeable future, and has no intention of changing insurance carriers.

35.    There are numerous independent ways in which Plaintiff is realistically threatened with near-term future injury from a repetition of Defendant's conduct of unlawfully depreciating sales tax when calculating ACV payments. Most immediately, aspects of Plaintiff's June 2022 claim remain open, such that Plaintiff reasonably expects to receive additional payments of ACV benefits after the filing of this Complaint.

36.    Beyond the settlement of Plaintiff's June 2022 claim, Plaintiff's insured residence in Vacherie, Louisiana is in an area which is threatened by risks covered by the Policy, including but

not limited to risks of additional tropical storms and/or hurricanes. Historically, 59 hurricanes have been recorded in Vacherie, Louisiana since 1930 and it is in a very high risk hurricane zone.[1]

37.    Separate and apart from the threat of covered loss or damage to Plaintiff's insured property from tropical storms and/or hurricanes, Plaintiffs are likely to suffer some kind of covered loss or damage to his home or personal property in the coming years, including because the Policy covers loss or damage from fire, smoke, water, theft, vandalism, and many other perils to personal property he owns or uses "while it is anywhere in the world." Plaintiff is thus realistically threatened by a repetition of State Farm's conduct of depreciating sales tax in calculating ACV payments, in violation of Louisiana law and in breach of their Policy.

### C.    Defendant's Systematic Violation of § 1892

38.    As a result of State Farm's systematic underpayments of ACV benefits in violation of § 1892 and in breach of the Policy, Plaintiffs have not been fully indemnified for all covered loss or damage to their property and have been, and continue to be, deprived of contractual benefits to which they are entitled. Additionally, State Farm's failure to timely pay the amounts due as a result of the depreciation of sales tax is arbitrary, capricious and/or without probable cause.

39.    On information and belief, State Farm's practice of depreciating sales tax in calculating ACV benefits is part of a common and systematic policy and practice to deprive State Farm property insurance policyholders, including Plaintiff and putative Class Members, of contractual benefits to which they are entitled as matter of Louisiana law and as a matter of contract.

---

[1] https://www.homefacts.com/hurricanes/Louisiana/St.-James-Parish/Vacherie.html

V.    **CLASS ACTION ALLEGATIONS**

40.    This action is brought by Plaintiff individually and as a class action pursuant to Federal Rule of Civil Procedure ("Rule") 23(a), 23(b)(2), 23(b)(3), and/or 23(c)(4), on behalf of the proposed class set forth below (the "Class").

41.    Plaintiff seeks all relief sought herein on behalf of the following Class: "All persons who, at any time during the applicable limitations period, were a named insured under a property insurance policy issued in Louisiana by State Farm, who suffered a covered loss to real or personal property for which they received payment of actual cash value (ACV) benefits on or after January 1, 2023, that was reduced due to depreciation of sales tax, and who have been paid benefits in an amount that is less than the applicable policy limits."

42.    Excluded from the Class is Defendant (together with its employees, agents, and assigns) and any members of the judiciary to whom this case is assigned, their respective court staff, and the counsel of any party to this litigation.

43.    Plaintiff reserves the right under Rule 23 to amend or modify the Class descriptions and to add one or more subclasses based on information obtained during this litigation.

44.    All persons who are members of the proposed Class ("Class Members") have suffered injury during the applicable limitations period, or are realistically threatened with future injury, caused by Defendant's wrongful acts and omissions alleged herein.

45.    This action is properly brought and may be properly maintained as a class action against Defendant pursuant to the following provisions of Rule 23:

  a. Numerosity (Rule 23(a)(1)): There are tens of thousands of Class Members. Defendant has significant market share in the market for issuing property insurance in the State of Louisiana, which has a population of nearly 5 million people.

Defendant pays out millions of dollars of claims to its property insurance policyholders every year, and actual cash value payments are a standard feature of property insurance policies issued in Louisiana by Defendant. Thus, the Class is sufficiently numerous that joinder of all members is impracticable. The identities and addresses of the Class Members can be readily ascertained from business records maintained by Defendant and its affiliated entities.

b.  <u>Commonality and Predominance (Rule 23(a)(2) and 23(b)(3))</u>: All Class Members entered into property insurance policies issued in Louisiana by a Defendant, all such policies provide for payment of ACV benefits within the meaning of § 1892, all Class Members were actually paid ACV benefits under their respective policies for covered loss or damage to real or personal property, and the amount of such ACV benefits payments reflected a deduction for depreciation of sales tax. The claims of all Plaintiffs and Class Members thus involve common questions of law and fact, including but not limited to the following:

i.    Whether deducting depreciation for sales tax in calculating and paying ACV benefits under property insurance policies issued in Louisiana is prohibited under Louisiana insurance law;

ii.   Whether Defendant has a policy and/or practice of deducting depreciation for sales tax in calculating and paying ACV benefits under property insurance policies issued in Louisiana;

iii.  Whether Plaintiffs and Class Members are entitled to declaratory relief;

iv.   Whether Defendant breached its contractual obligations to Plaintiff and Class Members;

v.       Whether Defendant is liable for penalties and attorneys' fees for its failure to timely pay benefits properly supported and due to Plaintiffs and Class Members, as such failure is arbitrary, capricious or without probable cause;

vii.     Whether Defendant has engaged in unlawful business acts or practices in its dealings with Plaintiffs and Class Members;

viii.    Whether Defendant has engaged in unfair business acts or practices in its dealings with Plaintiffs and Class Members within the meaning Louisiana law.

ix.      Whether Plaintiffs and Class Members have been injured by Defendant's conduct complained of herein;

x.       Whether the Court should enter declaratory relief in favor of Plaintiff and Class Members;

xi.      Whether Plaintiff or Class Members are entitled injunctive relief; and

xii.     Whether Plaintiff and Class Members are entitled recover damages as a result of Defendant's wrongful actions.

c.       Typicality (Rule 23(a)(3)): Plaintiff's claims are typical of the claims of Class Members. Plaintiffs, like all other Class Members, sustained economic and other injury as a result of Defendant's systematic practice of deducting depreciation for sales tax in calculating and paying ACV benefits under Louisiana property insurance policies, in violation of Louisiana law and in breach of the insurance policies. Plaintiffs and Class Members were and are similarly or identically harmed by the same wrongful conduct of Defendant.

d.       Adequacy of Representation (Rule 23(a)(4)): Plaintiffs will fairly and adequately represent and protect the interests of all Class Members and have retained competent and qualified counsel with extensive experience in insurance coverage disputes and class action litigation. There

are no material conflicts between the claims of the Plaintiffs and the Class Members that would make class certification inappropriate. Counsel for Plaintiffs and the putative Class will vigorously prosecute the claims of all putative Class Members and are willing and prepared to serve the Court and the putative Class in a representative capacity.

46.    This action is properly brought and may be properly maintained as a class action pursuant to Rule 23(b) for the following reasons:

    a.   <u>Class Action Status (Rule 23(b)(1))</u>: Class action status is appropriate under Rule 23(b)(1)(A) because prosecution of separate actions by each of the thousands of persons who are Class Members would create a risk of establishing incompatible standards of conduct for Defendant and inconsistent results for the Class Members. Class action status is also appropriate under Rule 23(b)(1)(B) because prosecution of separate actions by individual Class Members would create a risk of adjudication with respect to those individual Class Members that, as a practical matter, would be dispositive of the interests of other Class Members or would substantially impair or impede those other Class Members' ability to protect their interests.

    b.   <u>Declaratory and Injunctive Relief (Rule 23(b)(2))</u>: Certification under Rule 23(b)(2) is appropriate because Defendant violated Class Members' rights to receive payment of ACV benefits without deduction for depreciation of sales tax, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole.

    c.   <u>Predominance and Superiority (Rule 23(b)(3))</u>: Certification of the Class under Rule 23(b)(3) is appropriate because questions of law or fact common to Class Members, including but not limited to those questions listed above, predominate

over any questions affecting only individual members of the Class, and because class action treatment is superior to the other available methods for the fair and efficient adjudication of this controversy, for the following non-exhaustive reasons:

i.      Given the various legal issues involved in this action, the expense of litigating the claims, and the relatively small amounts of money at issue for each Class Member, few, if any, Class Members would decide to seek, or could afford to seek, legal redress for the wrongs that Defendant has committed against them individually, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

ii.     Once Defendant's liability has been adjudicated for the wrongful conduct alleged herein, the value of all Class Members' claims can be readily determined by the Court based on Defendant's own claims settlement documents;

iii.    This action will ensure an orderly and expeditious administration of Class Members' claims and foster economies of time, effort, and expense, and ensure uniformity of decisions;

iv.     Without a class action, Class Members will continue to suffer injury, and Defendant's unlawful conduct will continue, such that Defendant will continue to retain and enjoy substantial benefits from its unlawful conduct at the direct expense of Class Members;

v.      This action does not present any undue difficulties that would impede its management by the Court as a class action; and

vi.     The injuries suffered by individual Class Members are relatively small compared to the burden and expense of individual prosecution needed to address Defendant's wrongful conduct alleged herein. Individualized litigation presents a potential for inconsistent or contradictory judgments. In contrast, a class action presents far fewer management difficulties; allows the hearing of claims that might otherwise go unaddressed; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

47.     Issue Certification (Rule 23(c)(4)): Certification of issues of liability and declaratory, equitable, and legal relief under Rule 23(c)(4) is appropriate because these issues are common to all Class Members, including but not limited to whether deducting depreciation for sales tax in calculating and paying ACV benefits under property insurance policies issued in Louisiana is prohibited under Louisiana insurance law, whether Defendant has a policy or practice or making such deductions, and whether such deductions have harmed Class Members. Resolution of such common issues on a class-wide basis will materially advance the disposition of the litigation as a whole.

48.     The Class Members are ascertainable from Defendant's own records, and there is a well-defined community of interest in the questions of law or fact alleged herein since Defendant violated the rights of each Class Member in the same or similar fashion.

## VI.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Declaratory Relief

49.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

50.    An actual controversy has arisen and now exists between Plaintiffs and Class Members, on the one hand, and Defendant, on the other hand, concerning their respective rights and duties under Louisiana insurance law, and under Plaintiffs' and Class Members' property insurance policies issued by Defendant that provide for the payment of ACV benefits within the meaning of § 1892, and under which Defendant paid Plaintiff and Class Members ACV benefits that reflected a deduction for depreciation of sales tax (the "Relevant Policies").

51.    Defendant contends that they are permitted under § 1892 to deduct depreciation for sales tax in calculating ACV benefits for covered loss or damage to real and personal property under the Relevant Policies. Plaintiff and Class Members take the opposite position—*i.e.*, that Defendant is prohibited under § 1892 from deducting depreciation for sales tax in calculating ACV benefits for covered loss or damage to real and personal property under the Relevant Policies. Plaintiff and Class Members further contend that Defendant's deducting of depreciation for sales tax from ACV payments not only violated Louisiana insurance law, but also materially breaches the express and implied terms of the Relevant Policies, and constitute acts and practices that are unlawful and unfair within the meaning of Louisiana law.

52.    So that future controversies may be avoided, Plaintiff, on behalf of himself and all Class Members, seeks under 28 U.S.C. § 2201 a declaration of the parties' respective rights and duties under Louisiana law and under the Relevant Policies, and request that the Court issue an order

declaring: (1) that LSA R.S. 22:1892 provides mandatory minimum standards for calculating ACV payments under Louisiana insurance policies insuring real or personal property; (2) that any terms on the face of a Louisiana property insurance policy that would result is ACV payments that are less favorable to policyholders (*i.e.,* lower in amount) than what is required under § 1892 are unenforceable as a matter of law, and that policy terms must be construed consistent with the requirements of § 1892; (3) that the estimated cost to repair or replace the damaged property under § 1892 includes sales tax on goods and services that the insured would reasonably need to purchase to repair, rebuild, or replace the thing lost or injured; (4) that § 1892 prohibits the insurer from depreciating sales tax on such goods and services in calculating ACV benefits payable to an insured; (5) that deductions for depreciation of sales tax on such goods and services in calculating ACV benefits is a material breach of the applicable Relevant Policy and entitles the policyholder to an award of damages at least in the amount of the deduction; and (6) such other and further declaratory relief that the Court deems just and proper.

53.     Plaintiff, on behalf of themselves and all Class Members, further seek under 28 U.S.C. § 2202 preliminary and permanent injunctive relief as set forth below in the Prayer for Relief, as well as any further relief that the Court deems necessary or proper.

54.     Plaintiff and other Class Members are entitled to injunctive and other equitable relief because they have no adequate remedy at law, because they remain State Farm insureds because they intend to continue insuring their real and property through State Farm for the foreseeable future, and because they are realistically threatened by a repetition of State Farm's conduct of depreciating sales tax in calculating ACV payments in violation of Louisiana law and in breach of the State Farm Policies.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

55.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 as though fully set forth herein.

56.    The State Farm Policy, and other similar policies (collectively "Relevant Policies"), is a valid contract that exist between Plaintiff and Class Members, on the one hand, and Defendant, on the other hand.

57.    At all relevant times, Plaintiff and Class Members complied with all duties and conditions of the Relevant Policies, except those which are illegal, excused, waived, or inapplicable for any other legally valid reason.

58.    Defendant breached the Relevant Policies by failing to pay Plaintiff and Class Members ACV benefits, in connection with covered loss or damage to real or personal property, without any deduction for depreciation of sales tax.

59.    As a result of Defendant's breaches, Plaintiff and Class Members have foreseeably suffered damages in an amount to be determined at trial. Plaintiff and Class Members seek all recoverable damages, including but not limited to actual damages (at minimum, the full amount of all deductions of depreciation of sales tax), damages for lost access to and use of money, lost time value of money, consequential damages flowing from the breach, interest on all damages, and their litigation costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF

### Penalties and Attorneys' Fees

60.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59 as though fully set forth herein.

61.    Defendant's actions in applying a deduction for depreciation for sales tax in its calculation of ACV violated Defendant's obligations under § 1892, and were arbitrary, capricious, or without probable cause.

62.    As a result of Defendant's actions, Defendant is liable to Plaintiff and Class Members for a "penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs." See  § 1892.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all Class Members, prays for the following relief against Defendant:

A.    An Order certifying this action to proceed on behalf of the Class, and appointing Plaintiff and the counsel listed below to represent the Class;

B.    A declaratory judgment declaring (1) that § 1892 provides mandatory minimum standards for calculating ACV payments under Louisiana insurance policies insuring real or personal property; (2) that any terms on the face of a Louisiana property insurance policy that would result is ACV payments that are less favorable to policyholders (i.e., lower in amount) than what is required under § 1892 are unenforceable as a matter of law, and that the policy terms must be construed consistent with the requirements of § 1892; (3) that "all insurers issuing any type of contract… shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proof of loss"; (4) that § 1892 prohibits the insurer from depreciating sales tax on

goods and services in calculating ACV benefits payable to the insured; and (5) such other and further declaratory relief as the Court deems just and proper.

C.     Preliminary and permanent injunctive relief, including one or more orders (1) enjoining Defendant from enforcing any terms on the face of a Louisiana property insurance policy that purport to allow Defendant to depreciate sales tax in calculating ACV benefits payments, or that otherwise purport to allow Defendant to pay ACV benefits that are less favorable to the insured than what is required under § 1892; (2) enjoining Defendant from omitting sales tax on goods and services that the insured would reasonably need to purchase to repair, rebuild, or replace the thing lost or injured from Defendant's calculation of "the amount it would cost the insured to repair, rebuild, or replace the thing lost or injured" under § 1892; (3) enjoining Defendant from depreciating sales tax on such goods and services in calculating ACV benefits payable to the insured; (4) providing other injunctive relief that Plaintiff and Class Members may more precisely specify at an appropriate later stage of this litigation; and (5) providing such other and further injunctive relief as the Court deems just and proper.

D.     All available damages, including actual, compensatory, consequential, punitive, exemplary, and any other available damages, in an amount to be determined at trial;

E.     Pre- and post-judgment interest on any damages or other monetary relief awarded in Plaintiffs' and Class Members' favor;

F.     All available penalties, attorneys' fees and recoverable costs for the actions of Defendant that were arbitrary, capricious or without probable cause; and

G.     Such other and further relief that the Court deems just and proper.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all claims and causes of action so triable.

Respectfully submitted

Dated: __October 13, 2023_____    ___/s/ Thomas M. Beh_____
**MURRAY LAW FIRM**
701 Poydras Street, Suite 4250
New Orleans, LA 70139
Telephone: (504) 525-8100
Fax: (504) 584-5249
STEPHEN B. MURRAY, JR. (23877)
smurrayjr@murray-lawfirm.com
ARTHUR M. MURRAY (27694)
amurray@murray-lawfirm.com
JESSICA W. HAYES (28927)
jhayes@murray-lawfirm.com
THOMAS M. BEH (24018)
tbeh@murray-lawfirm.com

**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
FRANK M. PITRE*
fpitre@cpmlegal.com
NABILAH A. HOSSAIN*
nhossain@cpmlegal.com
ANDREW F. KIRTLEY*
akirtley@cpmlegal.com
ANDREW W. BRITTON*
abritton@cpmlegal.com

**WELTY, WEAVER & CURRIE, P.C.**
3554 Round Barn Boulevard, Suite 300
Santa Rosa, CA 95403
Telephone: (707) 433-4842
Fax: (707) 473-9778
JACK W. WEAVER*
jack@weltyweaver.com
RACHAEL M. MACHE*
rachael@weltyweaver.com

***Attorneys for Plaintiff and the Proposed Class***

*\* Pro Hac Vice Applications forthcoming*